

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

The application is  ☒ granted.
                          denied.

May 27, 2020

Nelson S. Román, U.S.D.J.
Dated: **May 27, 2020**
White Plains, New York 10601

Clerk of the Court requested to
terminate the motion (doc. 61).

**By ECF**
The Honorable Nelson S. Román
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re:   *Male Dixon, aka James King v. Blackensee*, 17 Civ. 7359 (NSR)

Dear Judge Román:

This Office represents defendant Barbara Von Blanckensee, Warden of the Federal Correctional Institution in Otisville, New York, (the "government") in this action brought by incarcerated plaintiff Male Dixon, also known as James King.  I write respectfully to request a stay of all discovery, including any pending deadlines, in this action until the government's interlocutory appeal is resolved. Plaintiff's counsel consents to this request.

On June 11, 2019, this Court granted the government's motion to dismiss in part, but denied it with respect to plaintiff's Fifth and First Amendment claims against Warden Blanckensee in her personal capacity under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). *See* Opinion and Order, Dkt. No. 35. On March 26, 2020, the Court denied in part Warden Blanckensee's motion for reconsideration of the Court's decision on her motion to dismiss. *See* Opinion and Order, Dkt. No. 55. On May 22, 2020, the government appealed from the Court's June 11, 2019, and March 26, 2020, decisions. *See* Dkt. No. 60. In light of the government's appeal, discovery should be stayed, in line with the purposes of the qualified immunity doctrine. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until [the] threshold [qualified] immunity question is resolved, discovery should not be allowed."). In addition, because the issues raised by the Court's decisions on appeal concern the entirety of plaintiff's remaining claim, this Court lacks jurisdiction over plaintiff's remaining claim until the mandate of the United States Court of Appeals for the Second Circuit issues. *See Retirement Board of the Policemen's Annuity and Benefit Fund of the City of Chicago v. Bank of New York Mellon*, 297 F.R.D. 218, 220-21 (S.D.N.Y. 2013) ("[A]n interlocutory appeal, unless frivolous, generally divests the district court of jurisdiction respecting the issues raised and decided in the order on appeal." (quoting *Garcia v. Bloomberg*, No. 11 Civ. 6957 (JSR), 2012 WL 3127173, at *1 (S.D.N.Y. July 27, 2012))).

I thank the Court for its consideration of this submission.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/27/2020

MEMO ENDORSED

Respectfully submitted,
GEOFFREY S. BERMAN
United States Attorney

By:     /s/ Steven J. Kochevar
        Steven J. Kochevar
        Assistant United States Attorney
        86 Chambers Street, 3rd Floor
        New York, NY 10007
        Telephone: (212) 637-2715
        Fax: (212) 637-2717
        Email: steven.kochevar@usdoj.gov

cc (by ECF): Counsel of Record